UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLET MACKLIN,

    Plaintiff,                                  Case No. 15-cv-11646
                                                  Hon. Matthew F. Leitman

v.

WAYNE COUNTY *et al.*,

    Defendants.

_____/

**ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS (ECF #2) AND (2) DISMISSING PLAINTIFF'S COMPLAINT (ECF #1) WITHOUT PREJUDICE**

## INTRODUCTION

On May 7, 2015, Plaintiff Carlet Macklin ("Plaintiff") filed this action against Defendant Wayne County and various other Defendants. (*See* the "Complaint," ECF #1.) Plaintiff also filed an application to proceed without the prepayment of fees or costs. (*See* the "Application," ECF #2.) Having reviewed Plaintiff's submissions, the Court **GRANTS** the Application and **DISMISSES** the Complaint **WITHOUT PREJUDICE**.

## ANALYSIS

**A.    The Application**

Applications to proceed without prepayment of fees or costs are governed by 28 U.S.C. § 1915(a)(1). This statute provides that a federal court "may authorize

1

the commencement ... of any suit, action, or proceeding ... by a person who submits an affidavit that includes a statement of all assets ... that the person is unable to pay such fees...." *Id.* In her Application, Plaintiff says that she earns no wages, has no money in any bank accounts, and has no sources of income. (*See* Application at 1-2, Pg. ID 11-12.) The Court has reviewed the Application and is satisfied that the prepayment of the filing fee would cause an undue financial hardship on Plaintiff. The Court therefore grants the Application and permits Plaintiff to file the Complaint without prepaying the filing fee.

**B.     Dismissal of the Complaint**

The Court is required to screen all complaints filed by plaintiffs proceeding without the prepayment of fees or costs and dismiss those that (i) are frivolous or malicious, (ii) fail to state a claim upon which relief may be granted, and/or (iii) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). While the Court is obligated to liberally construe documents filed by *pro se* plaintiffs, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), a complaint must still plead sufficient specific factual allegations, and not just legal conclusions, in support of each claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–679 (2009); *see also Hill v. Lappin*, 630 F.3d 468, 470–471 (6th Cir. 2010) (holding that the dismissal standard of *Iqbal* applies to a Court's review of a complaint under § 1915(e)(2) for failure to state a claim). The Court will therefore

dismiss a complaint that does not state a "plausible claim for relief." *Iqbal*, 556 U.S. at 679.

It appears that Plaintiff is alleging, among other things, that Defendants have stolen her personal property and her Social Security, Medicaid, and/or insurance benefits. (*See* Compl. at 1-2, Pg. ID 1-2.) It also seems as if Plaintiff is claiming that she received inadequate medical care and was the target of an extortion scheme. (*See id.*) Plaintiff also says that her children were "taken" away from her. (*See id.* at 2, Pg. ID 2.) Plaintiff asserts that these actions amount to "racketeering" and she seeks "a full court hearing with all parties involved … who have broken the law of the RICO Act." (*Id.* at 1-2, Pg. ID 1-2.) Finally, Plaintiff has attached a two-page, single-spaced typed document to her Complaint that appears to expand upon the Complaint's hand-written allegations. (*See id.* at Pg. ID 6-10.) Even if the Court construed this document as part of the Complaint, in the manner presented, it is largely indecipherable.

To the extent Plaintiff attempts to state a claim under the federal Racketeer Influenced and Corrupt Organizations Act (the "RICO Act"), 18 U.S.C. § 1961 *et seq.,* her Complaint fails to state a plausible claim for relief. The civil remedies section of the RICO Act, 18 U.S.C. § 1964(c), provides that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court...." To demonstrate

3

a violation of § 1962, Plaintiff must show the Defendants engaged in "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985). Plaintiff, however, has not asserted, or even attempted to plead, any of the elements of a civil RICO claim. Indeed, the Complaint fails to link the factual allegations alleged to the elements of the RICO Act. The Court, therefore, dismisses Plaintiff's RICO claim without prejudice under 28 U.S.C. § 1915(e)(2) for failure to state a claim. *See, e.g., Foster v. Public Storage, Inc.*, 14-11396, 2014 WL 2154137 (E.D. Mich. May 22, 2014) (dismissing complaint under § 1915(e)(2) that alleged violation of the RICO Act); *Otworth v. Williams, Hughes & Cook, PLLC*, 2011 WL 1542114, at *2 (W.D. Mich. Apr. 21, 2011) (dismissing complaint under § 1915(e)(2) and noting that the plaintiff's "bare reference to the RICO statute is insufficient to state a claim").

The remaining claims in the Complaint – to the extent the Court can discern them – appear to be claims brought under state law. The Court declines to exercise supplemental jurisdiction over these claims. *See* 28 U.S.C. § 1367(c)(3) (A "district court may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction"). Accordingly, Plaintiff's state-law claims are dismissed without prejudice.

4

## CONCLUSION

For all of the reasons stated above, **IT IS HEREBY ORDERED** that the Application (ECF #2) is **GRANTED** and the Complaint (ECF #1) is **DISMISSED WITHOUT PREJUDICE**.

                                          s/Matthew F. Leitman
                                          MATTHEW F. LEITMAN
                                          UNITED STATES DISTRICT JUDGE
Dated:  June 10, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 10, 2015, by electronic means and/or ordinary mail.

                                          s/Holly A. Monda
                                          Case Manager
                                          (313) 234-5113